Attorney or Party Name, Address, Telephone & FAX Nos.,
State Bar No. & Email Address

MARITA NOGUEIRAS ESQ., SBN 213616
10802 Downey Ave., Suite B
Downey, Ca 90241
Phone: (562) 469-5555
Email: marita@mnogueiraslaw.com

☐ *Individual appearing without attorney*
☒ *Attorney for: Debtors*

FOR COURT USE ONLY

**FILED & ENTERED**

**NOV 21 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -Los Angeles DIVISION**

In re:

Maria Lutecia Castellon & Carlos Castellon

CASE NO.: 2:13-bk-17128-RK

CHAPTER: 7

**ORDER ☐ GRANTING ☒ DENYING**
**MOTION TO AVOID LIEN UNDER**
**11 U.S.C.§ 522(f) (REAL PROPERTY)**

☒ No hearing held
☐ Hearing held
Date:
Time:
Courtroom:
Place:

Debtor(s).

**Creditor Holding Lien to be Avoided** (*name*):   Citibank (South Dakota) N.A.

The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1.  ☐ Notice of this Motion complied with LBR 9013-1(d).

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

2. ☐ Notice of this Motion complied with LBR 9013-1(o).

   a. ☐ There was no opposition and request for hearing.

   b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:

   **a.** Street address (*specify*): **1533 Nairn Ave., Los Angeles, Ca 90022**

   Legal description (*specify*):

   **Lot 10 of tract 10082, in the City of Los Angeles, County of Los Angeles, California as per map recorded in book 139, Page(s) 90, of Maps in Office of County Recorder of said County.**

        ☐ See attached page

4. Recording information regarding lien to be avoided:

   a. Date of recordation of lien (*specify*): **7/29/2010**

   b. Recorder's instrument number or map/book/page number (*specify*): **20101045209**

5. ☐ Motion granted:

   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

   b. ☐ The judicial lien is void and unenforceable

      (1) ☐ In its entirety

      (2) ☐ In the following amount *only*: $ _____.  The balance of $ _____ remains a valid and enforceable lien against the property.

6. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

   a. ☒ Insufficient notice. **See below.**

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☒ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h). **As to the subject lienholder Citibank (South Dakota) N.A., and the other lienholders, Discover Bank, PNC Mortgage, and Bank of America, N.A., Movants have failed to properly serve those lienholders with the motion and notice as required by Local Bankruptcy Rule 9013-1(o) and 4003-2(c)(2), and Federal Rule of Bankruptcy Procedure 7004(h), which requires Movants to serve an insured depository institution, such as Citibank (South Dakota), N.A., "by certified mail addressed to an office of the institution." None of the addresses at which Movants served the above-mentioned lienholders are valid addresses according to the Federal Deposit Insurance Corporation's "BankFind" feature, available at https://research.fdic.gov/bankfind.  Specifically, for the subject lienholder, Citibank (South Dakota), N.A., Movants must serve it by certified mail at a publicly recognized address such as on the FDIC BankFind website in order to comply with these rules.  Service on Citibank (South Dakota), N.A.'s state court counsel is inadequate service of process without proof that state court counsel is authorized to accept service of process in this bankruptcy case.  *In re Villar,* 317 B.R. 88, 92-95 (9th Cir. BAP 2004).**

   d. ☒ Insufficient evidence of fair market value. **This court does not give credence to valuation opinions of lay witnesses, such as Movants, unless there is a detailed explanation and analysis of how they arrived at the valuation based on scientifically accepted valuation principles (i.e., sales comparable analysis) with supporting market data, not just their say-so. Fed. R. Evid. 701; *In re Meeks*, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); 2 Russell, Bankruptcy Evidence Manual, Section 701.2 at 845 (2015-2016).  This court generally requires an appraisal by a certified appraiser or a licensed real estate broker or agent in a declaration under penalty of perjury based on an appropriate sales comparable analysis to support a lien avoidance motion under 11 U.S.C. § 522(f).**

   e. ☐ Motion is incomplete.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　　　　　　　　　　　　Page 2　　　　　　　　　　**F 4003-2.1.AVOID.LIEN.RP.ORDER**

f.  ☐ Other (*specify*):  **Movants also failed to provide a judge's copy of the moving papers with separately tabbed exhibits as required by Local Bankruptcy Rule 5005-2(d).**

7.  ☒ The court further orders as follows (*specify*): **The court grants leave to Movants to file an amended motion which corrects these deficiencies within 60 days of entry of this order.**

☐ See attached page

### 

Date: November 21, 2016

_____
Robert Kwan
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 3                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**